FILED
COURT OF APPEALS
DIVISION II

2014 NOV -4 AM 10: 04

STATE OF WASHINGTON

BY_____
DEPUTY

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 44895-5-II |
| Respondent, | |
| v. | |
| VANESSA MARIE WHITFORD, | UNPUBLISHED OPINION |
| Appellant. | |

JOHANSON, C.J. — Vanessa Whitford appeals her jury trial conviction for first degree robbery. She argues that the trial court violated her public trial rights when it allowed the attorneys to exercise their peremptory challenges in writing. We hold that under *Love*,[1] *Dunn*,[2] and *Webb*,[3] the exercise of peremptory challenges in writing does not implicate Whitford's public trial rights and affirm her conviction.

---

[1] *State v. Love*, 176 Wn. App. 911, 309 P.3d 1209 (2013).

[2] *State v. Dunn*, 180 Wn. App. 570, 321 P.3d 1283 (2014).

[3] *State v. Webb*, ___ Wn. App. ___, 333 P.3d 470 (2014).

FACTS

In August 2012, Whitford attempted to steal property from a store and, in the process, brandished a knife. The State charged Whitford with first degree robbery.[4]

The trial court conducted voir dire of the potential jurors in open court. After Whitford and the State questioned the prospective jurors and exercised their for-cause challenges, the trial court addressed the venire and stated,

> Ladies and Gentlemen, at this time the two lawyers will be exercising those peremptory challenges I told you about. If you have a piece of reading material or you'd like to speak softly to your neighbor -- of course, not about the case -- you may do so. I do need you to stay seated and let's make sure those yellow tabs are way up high so it will be easier for the lawyers to remember. So you can read whatever you would like and/or pull out your computer, if you've got it in your lap, but you have to stay seated.

Report of Proceedings (RP) (May 9, 2013, Jury Voir Dire) at 83-84. The State and Whitford then exercised their peremptory challenges on a written form that the court later filed with the court clerk.[5] Based on the completed form, the trial court announced which jurors had been selected, seated them for trial, and excused the others. The court did not announce which party had excused which juror but the completed form shows who challenged which juror. The jury convicted Whitford on one count of first degree robbery. She appeals her conviction.

ANALYSIS

Whitford argues that the trial court violated her public trial rights when it allowed counsel to exercise peremptory challenges in writing. We disagree. *Love, Dunn,* and *Webb* control the

---

[4] RCW 9A.56.200.

[5] This process appears in the record as "(Attorneys picking jury.)" RP (May 9, 2013, Jury Voir Dire) at 84.

result in this case and, accordingly, we hold that the trial court did not violate Whitford's public trial rights.

The Sixth Amendment to the United States Constitution and article I, section 22 of the Washington State Constitution guarantee a defendant's right to a public trial. *State v. Wise*, 176 Wn.2d 1, 9, 288 P.3d 1113 (2012). We review alleged violations of a defendant's public trial rights de novo. *State v. Smith*, ___ Wn.2d ___, 334 P.3d 1049, 1052 (2014) (citing *State v. Brightman*, 155 Wn.2d 506, 514, 122 P.3d 150 (2005)). The first step when addressing an alleged violation of the public trial right is to determine whether the proceeding at issue implicates the right in the first place. *Smith*, 334 P.3d at 1052 (citing *State v. Sublett*, 176 Wn.2d 58, 92, 292 P.3d 715 (2012) (Madsen, C.J., concurring)). In *State v. Love*, Division Three of this court held that peremptory challenges do not implicate a defendant's public trial rights. 176 Wn. App. 911, 920, 309 P.3d 1209 (2013). We adopted Division Three's holding in *State v. Dunn*, 180 Wn. App. 570, 575, 321 P.3d 1283 (2014).

In *State v. Webb* we held that a peremptory challenge process that required counsel to exercise their peremptory challenges in writing in the jury's presence did not implicate the defendant's public trial rights. ___ Wn. App. ___, 333 P.3d 470, 472-73 (2014). The process in *Webb* is identical to the peremptory challenge process at issue in this case. As in *Webb*, at trial here, counsel exercised their peremptory challenges by marking them on a written form. The trial court announced which jurors were selected and which were excused and filed the completed form in the public record.

3

No. 44895-5-II

Following *Love*, *Dunn*, and *Webb*, we hold that Whitford's public trial right was not implicated in this case and her appeal fails at the first step in the public trial right analysis. Accordingly, we affirm Whitford's conviction for first degree robbery.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

JOHANSON, C.J.

We concur:

BJORGEN, J.

MELNICK, J.

4