FILED
COURT OF APPEALS
DIVISION II

2014 DEC 16 AM 8: 31

STATE OF WASHINGTON

BY_____
DEPUTY

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 44366-0-II |
| Respondent, | |
| v. | |
| BRIAN EVAN HUMES, | UNPUBLISHED OPINION |
| Appellant. | |

JOHANSON, C.J. — A jury found Brian Humes guilty of felony bail jumping under RCW 9A.76.170. Humes appeals his conviction, arguing that his counsel rendered ineffective assistance and the trial court violated his public trial right by allowing the attorneys to exercise peremptory challenges at sidebar. We hold that Humes failed to demonstrate that his counsel was deficient and, thus, his ineffective assistance of counsel claim fails. We further hold that the trial court did not violate Humes's public trial right. Accordingly, we affirm Humes's conviction.

## FACTS

In March 2012, the State charged Humes with several crimes stemming from an alleged altercation with his former girlfriend. Before posting bail, Humes signed a court order establishing

his release conditions. The order warned Humes that a failure to appear for any type of court appearance would constitute an independent crime for which a bench warrant would issue.

On April 12, Humes signed an order acknowledging that his presence at a May 8, 8:45 AM, omnibus hearing was mandatory. On May 8, Humes failed to appear and a bench warrant issued. Humes filed a motion to quash the warrant the following day and the court set a hearing date for May 14.[1] Subsequently, the State filed an amended information that eliminated another charge but added one count of bail jumping.

On the first day of Humes's trial, the trial court conducted voir dire of prospective jurors in open court. After both parties questioned the venire, the trial court excused four jurors for cause. The parties then exercised their peremptory strikes by passing a written form back and forth.

During trial, Humes testified in support of his innocence. Regarding his failure to appear at the May 8 hearing, Humes explained that because his first attorney had been "disqualified," he was confused as to whether he would "have a hearing that day or if -- who [his] attorney was." Report of Proceedings (RP) (Dec. 18, 2012) at 75. According to Humes, he attempted to contact his attorney by text message at 9:01 AM, but did not receive a response until his attorney reached Humes by phone call shortly thereafter. Once he did speak to his attorney, Humes reported that he was en route to the court and could be there within "about 20 minutes." RP (Dec. 18, 2012) at 72. But Humes never arrived at the courthouse. Humes claimed that he failed to appear because his attorney told him that it was too late and that a warrant had already issued.

---

[1] Humes testified that the warrant was quashed, but the record does not definitively establish that this was done on the original May 14 date.

No. 44366-0-II

But a Pierce County Deputy Prosecutor testified that a bench warrant only issues after the day's docket is completed. Presumably, then, Humes could have appeared in the courtroom before that happened. Humes testified that he would have come to court were it not for his attorney's advice. The jury found Humes guilty of bail jumping, but not guilty of the remaining charges. Humes appeals.

ANALYSIS

I. INEFFECTIVE ASSISTANCE OF COUNSEL

Humes contends that he was denied effective assistance of counsel when his trial attorney failed to request an "uncontrollable circumstances" instruction as a defense to bail jumping.[2] Humes asserts that he was entitled to such an instruction when he failed to appear because counsel mistakenly advised him that a warrant had already issued. We hold that Humes's ineffective assistance of counsel claim fails because he fails to establish that his counsel was deficient.

A. STANDARD OF REVIEW

An appellate court reviews an ineffective assistance claim de novo, beginning with a strong presumption that trial counsel's performance was adequate and reasonable. *Strickland v. Washington*, 466 U.S. 668, 689, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984); *State v. Grier*, 171 Wn.2d 17, 33, 246 P.3d 1260 (2011). To prevail on an ineffective assistance of counsel claim, a

---

[2] Humes does not argue that counsel was ineffective simply for failing to provide accurate advice regarding the procedure for the issuance of the bench warrant. Humes makes only the argument set forth above.

defendant must show both deficient performance and resulting prejudice; failure to show either prong defeats this claim. *State v. McNeal*, 145 Wn.2d 352, 362, 37 P.3d 280 (2002). Thus, to establish deficient performance, a defendant must show that counsel's performance fell below an objective standard of reasonableness. *McNeal*, 145 Wn.2d at 362.

To prevail on an ineffective assistance of counsel claim based specifically on the trial counsel's failure to request a jury instruction, we must find that Humes was entitled to the instruction, that counsel's performance was deficient in failing to request the instruction, and that failure to request the instruction prejudiced Humes. *State v. Cienfuegos*, 144 Wn.2d 222, 227, 25 P.3d 1011 (2001).

## B. COUNSEL NOT INEFFECTIVE

RCW 9A.76.170 governs the crime of bail jumping and its affirmative defense. It provides in pertinent part,

> (2) It is an affirmative defense to a prosecution under this section that uncontrollable circumstances prevented the person from appearing or surrendering, and that the person did not contribute to the creation of such circumstances in reckless disregard of the requirement to appear or surrender, and that the person appeared or surrendered as soon as such circumstances ceased to exist.

"Uncontrollable circumstances" means

> an act of nature such as a flood, earthquake, or fire, or a medical condition that requires immediate hospitalization or treatment, or an act of a human being such as an automobile accident or threats of death, forcible sexual attack, or substantial bodily injury in the immediate future for which there is no time for a complaint to the authorities and no time or opportunity to resort to the courts.

4

No. 44366-0-II

RCW 9A.76.010(4).[3] A defendant must prove the defense by a preponderance of the evidence. *State v. White*, 137 Wn. App. 227, 231, 152 P.3d 364 (2007) (citing *State v. Jeffrey*, 77 Wn. App. 222, 225, 889 P.2d 956 (1995)).

Here, Humes argues that he missed the hearing only because he relied on the erroneous advice of his attorney. Therefore, Humes contends that his failure to appear can be attributed to an uncontrollable circumstance. In support of this proposition, Humes relies on *Monjaraz-Munoz v. I.N.S.*, 327 F.3d 892, 896 (9th Cir. 2003), a deportation case applying federal law. There, a judge ordered Monjaraz-Munoz to be deported in absentia when Monjaraz-Munoz failed to appear at a hearing. *Monjaraz-Munoz*, 327 F.3d at 893. Before his hearing, there had been some discrepancy as to the validity of Monjaraz-Munoz's visa. *Monjaraz-Munoz*, 327 F.3d at 894. Apparently to resolve the dispute, Monjaraz-Munoz's attorney suggested that he cross the border into Mexico and return shortly thereafter. *Monjaraz-Munoz*, 327 F.3d at 895.

Relying on his attorney's advice, Monjaraz-Munoz did cross the border but was not allowed back into the United States, causing his absence at the hearing. *Monjaraz-Munoz*, 327 F.3d at 894. The Court of Appeals for the Ninth Circuit ruled that Monjaraz-Munoz's reliance on his attorney's advice constituted an "exceptional circumstance" beyond his control such that the

---

[3] Humes briefly discusses the requirement "that [he] appeared or surrendered as soon as such circumstances ceased to exist." RCW 9A.76.170(2). Humes appears to argue that he satisfied this requirement because the "warrant was quashed within a week." Br. of Appellant at 11. Because the State does not challenge whether Humes has or has not satisfied it, we decline to address it.

removal order could be rescinded.[4] *Monjaraz-Munoz*, 327 F.3d at 896. In so holding, the court said,

> The role of an attorney in the deportation process is especially important. For the alien unfamiliar with the laws of our country, an attorney serves a special role in helping the alien through a complex and completely foreign process. It is therefore reasonable for an alien to trust and rely upon an attorney's advice to such an extent that if an alien fails to show up to a hearing because of an attorney, we can say that this is an exceptional circumstance "beyond the control of the alien."

*Monjaraz-Munoz*, 327 F.3d at 897 (quoting 8 U.S.C. § 1229a(e)(1)).

But *Monjaraz-Munoz* is distinguishable and Humes's argument is unpersuasive for two reasons. First, Humes is not an alien and was not forced to endure the type of complex and completely foreign process that compelled the *Monjaraz-Munoz* court to find that exceptional circumstances existed. Humes does not dispute that he signed orders notifying him that his failure to appear at any hearing would constitute a new crime and that such a hearing was scheduled for May 8 at 8:45 AM. According to Humes, there was some confusion as to whether his hearing would be held as scheduled because a different attorney had been assigned to his case.

But the "uncontrollable circumstances" definition establishes that the legislature did not intend to include circumstances, such as scheduling confusion, that are preventable and that fall squarely within a defendant's control. To the contrary, the definition contemplates those instances

---

[4] A deportation order may only be rescinded

upon a motion to reopen filed within 180 days after the date of the order of removal
if the alien demonstrate that the failure to appear was because of exceptional circumstances.

8 U.S.C. § 1229a(b)(5)(C)(i). The term "exceptional circumstances" refers to the exceptional circumstances (such as battery or extreme cruelty to the alien or any child or parent of the alien, serious illness of the alien, or serious illness or death of the spouse, child, or parent of the alien, but not included less compelling circumstances) beyond the control of the alien. 8 U.S.C. § 1229a(e)(1).

6

that are sudden, unpreventable, and incapacitating. RCW 9A.76.010(4). Consequently, Humes has not presented sufficient evidence to demonstrate that his failure to appear was a result of uncontrollable circumstances such that he was entitled to the affirmative defense instruction. Humes would not have been entitled to the instruction had he made such a request. Accordingly, his attorney was not deficient in failing to request this instruction.

Second, even if we were to conclude that Humes's reliance on his attorney's advice constituted an uncontrollable circumstance analogous to that in *Monjaraz-Munoz*, Humes nevertheless fails to show, as he must, that he did not contribute to the creation of such circumstances in reckless disregard of the requirement to appear. RCW 9A.76.170(2). Unlike *Monjaraz-Munoz*, Humes's failure to appear was not entirely a product of his attorney's erroneous advice. Rather, on the morning of his May 8 hearing, Humes had already failed to appear at the designated time before he ever established contact with his attorney.

Humes argues further that he did not act in reckless disregard by failing to appear at 8:45 AM on May 8 because his confusion constitutes negligence at most. Humes alleges that he failed to appear in part because he was uncertain as to who his attorney was and whether his May 8 hearing would be held as planned. But Humes signed orders stating that he was required to appear on May 8 and that failure to do so would constitute another crime and would result in the issuance of a warrant for his arrest. Humes never contacted the court and only spoke with his attorney after his initial failure to appear despite knowledge of this risk.

By his own admission, Humes could have reached the courthouse within 20 minutes. Humes failed to present evidence that he did not contribute to the circumstances he now alleges were beyond his control. Accordingly, Humes fails to establish by a preponderance of the evidence that he would have been entitled to an uncontrollable circumstances instruction and, therefore, counsel's performance was not deficient for failing to request the same. Because he must establish both deficient performance and prejudice, the failure to establish deficient performance means that we need not consider the prejudice prong. For the foregoing reasons, we hold that Humes's ineffective assistance of counsel claim fails.

## II. PUBLIC TRIAL RIGHT

Humes next argues that the trial court violated his Sixth Amendment right to a public trial when the parties exercised peremptory challenges outside the jury's hearing and off the record without first considering the *Bone-Club*[5] factors. Consistent with several recent cases, we hold that no violation of the public trial right occurred.

We held in *State v. Dunn*, 180 Wn. App. 570, 575, 321 P.3d 1283 (2014), and again in *State v. Marks*, No. 44919-6-II, 2014 WL 6778304, at *3 (Wash. Ct. App. Dec. 2, 2014), that exercising preemptory challenges does not implicate the public trial right. Accordingly, we hold that the trial court did not violate Humes's public trial right by allowing counsel to make peremptory challenges at a sidebar conference.

---

[5] *State v. Bone-Club*, 128 Wn.2d 254, 258-59, 906 P.2d 325 (1995).

No. 44366-0-II

Affirmed.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

JOHANSON, C.J.

We concur:

MAXA, J.

SUTTON, J.

9