IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No. 31859-1-III |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| STEVEN D. OSTER, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | |

KORSMO, J. — Steven Oster appeals from a jury determination that he committed two felony violations of a no contact order, arguing that his public trial rights were violated during the exercise of peremptory challenges. We affirm the convictions, but remand for the court to strike the term of community custody.

FACTS

During jury selection, the parties exercised their peremptory challenges by marking them on a sheet of paper that was passed back and forth between counsel in the courtroom. There was no objection to the process.

After the jury returned the two guilty verdicts, the trial court imposed a sentence consisting of concurrent 60 month prison terms followed by 12 months of community custody. The judgment and sentence carried a notation indicating that the combined term of incarceration and community custody could not exceed 60 months. Mr. Oster promptly appealed to this court.

## ANALYSIS

The appeal presents two issues concerning the jury selection process and the term of community custody. We conclude that Mr. Oster's right to a public trial was not violated when the parties exercised their peremptory challenges, but that the trial court erred in imposing the term of community custody. We will address those two matters in that order.

*Public Trial*

Mr. Oster contends that by silently exercising peremptory challenges on paper, he was denied his right to a public trial. Several recent cases have rejected this argument.

Article I, § 22 of the Washington Constitution guarantees a criminal defendant the right to a "public trial." Article I, § 10 requires that justice "in all cases shall be administered openly." In a criminal case, these complementary provisions serve the same function of ensuring that the defendant receives a public trial. *State v. Herron*, 177 Wn. App. 96, 106, 318 P.3d 281 (2013). Courts may only close proceedings after a proper balancing of competing interests. *State v. Bone-Club*, 128 Wn.2d 254, 258-59,

2

906 P.2d 325 (1995). The *Bone-Club* balancing test is applicable to both constitutional provisions. *Id.* at 259. The threshold question of whether a particular matter is required to be heard in open court is determined by using the experience and logic test set out in *State v. Sublett*, 176 Wn.2d 58, 292 P.3d 715 (2012).

The practice of conducting written peremptory challenges has been subject to several recent public trial challenges. *E.g., State v. Love*, 176 Wn. App. 911, 914 n.1, 309 P.3d 1209 (2013). Applying the experience and logic test, we determined in *Love* that the practice of conducting peremptory challenges at sidebar did not constitute a closure of the courtroom.[1] *Id.* at 920. *Accord, State v. Dunn*, 180 Wn. App. 570, 574, 321 P.3d 1283 (2014). Subsequently, this court held that conducting peremptory challenges "on paper" did not constitute a closure of the courtroom. *State v. Webb*, 183 Wn. App. 242, 246-47, 333 P.3d 470 (2014).

On the basis of *Love, Dunn,* and *Webb*, we conclude once again that the public trial right does not preclude the written exercise of peremptory challenges in the courtroom. There was no violation of Mr. Oster's right to a public trial.

---

[1] The Washington Supreme Court, after applying the experience and logic test to sidebar conferences, concluded that sidebar conferences do not violate the public trial right. *State v. Smith*, 181 Wn.2d 508, 511, 333 P.3d 388 (2014) (sidebar conferences on several issues).

*Community Custody*

The parties agree that the trial court erred by imposing a term of community custody. We agree and remand the case with directions to strike the term of community custody.

A sentence includes periods of total or partial confinement, as well as any term of community custody imposed by the court. RCW 9.94A.030(8); RCW 9.94A.505(2)(a)(i), (ii). RCW 9.94A.701(9) provides that the period of community custody "shall be reduced" when the "standard range term of confinement in combination with the term of community custody exceeds the statutory maximum for the crime as provided in RCW 9A.20.021." Felony violation of a no contact order is a class C felony. RCW 26.50.110. The maximum sentence for a class C felony is five years. RCW 9A.20.021(1)(c).

Because the 60 month sentence of incarceration and the 12 month term of community custody together exceed the statutory maximum sentence of 60 months, the trial court erred by adding the term of community custody. The addition of the notation limiting the total of the two terms to the 60 month period is ineffectual in light of statutory amendments. *See State v. Boyd*, 174 Wn.2d 470, 472, 275 P.3d 321 (2012).[2] We therefore remand the matter with directions to strike the term of community custody.

---

[2] We note that the notation would have been effective if the 60 month term of incarceration had been an exceptional sentence rather than a standard range sentence. *See In re PRP of McWilliams*, No. 88883-3, 2014 WL 7338498 (Wash. Dec. 23, 2014).

No. 31859-1-III
*State v. Oster*

Affirmed and remanded.

A majority of the panel has determined this opinion will not be printed in the

Washington Appellate Reports, but it will be filed for public record pursuant to RCW

2.06.040.

_____
Korsmo, J.

WE CONCUR:

_____
Brown, A.C.J.

_____
Fearing, J.

5