FILED
COURT OF APPEALS
DIVISION II
17 AM 8: 42
STATE OF WASHINGTON
BY_____
DEPUTY

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 45952-3-II |
| Respondent, | |
| v. | |
| DAWAYNE CHARLES MCCASH, | UNPUBLISHED OPINION |
| Appellant. | |

WORSWICK, J. — Dawayne Charles McCash appeals his conviction and sentence for third degree assault, arguing that the superior court erred when it considered jury challenges at sidebar and also erred in imposing a community custody condition requiring him to undergo a substance abuse evaluation and comply with any treatment recommendations. We conclude that the superior court's jury selection procedures did not infringe McCash's right to a public trial and affirm his conviction. The State concedes that the superior court failed to make the findings required to impose the challenged community custody conditions. We affirm McCash's conviction and remand for the superior court to strike the community custody provision requiring McCash to engage in substance abuse evaluation and treatment.[1]

## FACTS

The State charged McCash with one count of third degree assault for assaulting a law enforcement officer. At a pretrial conference, the parties discussed jury selection. The trial judge proposed that he would cap the jury pool at 40 and would then question prospective jurors

---

[1] A commissioner of this court initially considered McCash's appeal as a motion on the merits under RAP 18.14 and then transferred it to a panel.

about hardships due to the length of the trial. He stated that he planned to then dismiss all potential jurors who expressed hardship concerns. He requested the parties make challenges for cause during voir dire. Specifically, the court stated:

> Challenge for cause. If there is a challenge for cause make it as soon as you feel it's appropriate in the middle of voir dire. I will subtract out the time that we spend dealing with the challenge for cause and add it back on to the end of your time. I keep track of it up here.

Report of Proceedings (RP) at 8-9. Neither party objected to the proposed procedure.

The clerk's minutes detail jury selection.[2] After voir dire, the parties exercised peremptory challenges, apparently in writing. The clerk's minutes also contain a notation, "The Court addressed the release of juror #12 with counsel." Suppl. Clerk's Papers at 16.

The judge explained that juror 12 had been excused due to medical issues.[3] The judge placed the reasons for his decision to dismiss this juror on the record because "[a]nyone looking at this would wonder why he was excused because nobody talked to him." RP at 17. The court learned of this medical issue because the juror "has a bladder condition that would have required a recess about ten minutes before we were done, which would have been very awkward for everyone." RP at 17.

After trial, which included testimony that McCash smelled of alcohol at the time of the offense, the jury found McCash guilty. The superior court sentenced McCash to 90 days in custody, with credit for time served, and 12 months of community custody. Proposed community custody conditions included a prohibition on McCash's consumption of alcohol. The

---

[2] Voir dire was not transcribed.

[3] McCash does not specifically argue that juror 12's dismissal (or other hardship dismissals) violated his public trial right. Under RCW 2.36.100, a trial court has broad discretion to excuse prospective jurors based on undue hardship or extreme inconvenience.

State did not ask the court to make a finding that chemical or alcohol dependency contributed to the crime and the superior court did not make such a finding. Nevertheless, the judgment and sentence requires McCash to undergo a substance abuse evaluation and comply with any recommended treatment.

## ANALYSIS

### SIDEBAR JURY CHALLENGES

McCash first argues that the superior court erred when it did not hear challenges for cause in open court. The record, however, does not support that the superior court heard *any* challenges for cause, whether at sidebar or in open court. *See In re Pers. Restraint of Yates*, 177 Wn.2d 1, 27-28, 296 P.3d 872 (2013) (concluding that petitioner failed to show that the "courtroom was actually closed").

Here, the superior court requested the parties to present challenges for cause during voir dire. The clerk's minutes show that the court and both attorneys engaged in voir dire between 9:43 AM and 10:04 AM. There is no indication that either party presented any juror challenges during voir dire. The clerk's minutes next contained a detailed record of peremptory challenges. As with the voir dire portion of the clerk's minutes, this section does not show that either party raised a challenge for cause. Accordingly, McCash fails to demonstrate that the superior court heard any challenges for cause. Accordingly, his argument that the superior court violated his right to an open court by hearing challenges for cause at sidebar fails. *Cf. State v. Love*, 176 Wn. App. 911, 309 P.3d 1209 (2013), *review granted in part*, 340 P.3d 228 (2015).

McCash next argues that the superior court erred in conducting peremptory challenges in writing or at sidebar. We held in *State v. Dunn*, 180 Wn. App. 570, 321 P.3d 1283 (2014), *review denied*, 340 P.3d 228 (2015), and again in *State v. Marks*, ____ Wn. App. _____, 339

P.3d 196, 198 (2014), that exercising peremptory challenges does not implicate the public trial right. Accordingly, we hold that the superior court did not violate McCash's public trial right by allowing counsel to make peremptory challenges at a sidebar conference. *See also State v. Smith*, 181 Wn.2d 511, 334 P.3d 1049 (2014) (traditional sidebar conferences do not implicate a public trial right).

## COMMUNITY CUSTODY

McCash next argues that the superior court erred in imposing the community custody condition that required McCash to undergo a substance abuse evaluation and comply with recommended treatment.[4] The State concedes error.

RCW 9.94A.607(1) provides:

> Where the court *finds that the offender has a chemical dependency that has contributed to his or her offense*, the court may, as a condition of the sentence and subject to available resources, order the offender to participate in rehabilitative programs or otherwise to perform affirmative conduct reasonably related to the circumstances of the crime for which the offender has been convicted and reasonably necessary or beneficial to the offender and the community in rehabilitating the offender.

(Emphasis added.)

Nothing in the record shows that the superior court made any findings as to whether McCash's substance abuse contributed to his offense. Because the record lacks such a finding, we remand to the superior court to strike this community custody condition. *See State v. Jones*, 118 Wn. App. 199, 209, 76 P.3d 258 (2003) (striking mental health evaluation condition because sentencing court did not "make a finding that Jones was a person whose mental illness had contributed to his crimes").

---

[4] Although McCash did not object at sentencing, we can reach a sentencing error for the first time on appeal. *State v. Bahl*, 164 Wn.2d 739, 744, 193 P.3d 678 (2008).

No. 45952-3-II

We affirm McCash's conviction and remand for the superior court to strike the community custody provision requiring McCash to engage in a substance abuse evaluation and comply with treatment.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
Worswick, J.

We concur:

_____
Bjorgen, A.C.J.

_____
Melnick, J.