IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No. 33226-8-III |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| CESAR BELTRAN JR, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | |

KORSMO, J. — Although convicted of a half dozen offenses following his flight from a traffic accident, Cesar Beltran, Jr., primarily focuses his attention in this appeal on his conviction for obstructing a public servant—a charge that his counsel conceded in closing argument. We affirm the convictions.

## FACTS

Mr. Beltran was charged with seven offenses resulting from a driving incident in Tacoma on July 26, 2013. Police received several reports of reckless driving and officers were dispatched to investigate. Witnesses told officers that a blue sedan registered to Mr. Beltran had been speeding across a residential neighborhood and then fled after striking a stop sign.

Officer Erika Haberzell investigated and found a stop sign at the northwest corner of the intersection of East 44th and R Street "sheared off and laying flat on the ground." The car was located near Mr. Beltran's home, 1731 East 38th Street, just a few blocks from the accident scene. Officer David Anderson was the first of several officers to arrive. Mr. Beltran walked outside the house, saw Officer Anderson, and ran back inside and closed the door.

Officer Anderson and a second officer approached the front door, while a third officer went to secure the back of the house. The officers announced that they were the police and knocked on three occasions but received no response. After the third knock, some of the officers heard glass breaking upstairs and feared that a window had been broken to facilitate shooting at them; they took cover. Mr. Beltran began yelling that he would "shoot you without hesitation" if the officers did anything. Officers then ordered the occupants of the house, including Mr. Beltran, to come out. Eventually, two women and several children came out. Mr. Beltran then followed out on to the porch.

Officers directed Mr. Beltran to kneel down on the porch and put his hands on top of his head. Instead, Mr. Beltran turned to return into the house and Officer Anderson deployed his taser. It failed to incapacitate Mr. Beltran and he continued into the house with officers in pursuit. Officer Anderson used his taser again and this time felled Mr. Beltran as he attempted to head up the stairs. A fight ensued in which one officer was knocked down, but eventually Mr. Beltran was taken into custody.

2

The prosecutor ultimately filed seven counts: felony harassment, intimidating a public servant, third degree assault, obstructing a law enforcement officer, resisting arrest, duty on striking property, and reckless driving. The matter proceeded to jury trial. The parties exercised peremptory challenges by passing a sheet of paper back and forth in the courtroom.

Mr. Beltran testified in his own defense. He denied driving the car or threatening the police. In closing argument, the prosecutor summarized the elements and evidence supporting each of the seven charges, concluding with the two misdemeanor counts (obstructing and resisting arrest) that occurred at the house. With respect to the obstructing charge, the prosecutor noted that "throughout the defendant was obstructing law enforcement officers." Report of Proceedings (RP) at 497. The crime occurred from the minute that the officers knocked on the door. RP at 498. Defense counsel did not challenge the prosecutor's argument. With respect to the two non-driving misdemeanors, he stated: "In this situation, all Mr. Beltran did was resist arrest and obstruct because of his intoxication, because of his fear. It is not a justification. It is just a reason why." RP at 514-515.

The jury acquitted Mr. Beltran on the third degree assault, but found him guilty of the other six charges. The court imposed concurrent sentences. Mr. Beltran then timely appealed.

3

ANALYSIS

Mr. Beltran challenges the obstructing conviction on three alternative grounds and also takes issue with the peremptory challenge procedure. We address his last issue first, albeit in a rather summary format, before considering together his challenges to the obstructing conviction.

*Peremptory Challenges*

Mr. Beltran acknowledges that this court has rejected the argument that exercising peremptory challenges on paper in the open courtroom violates the defendant's right to a public trial under article I, § 22 of the Washington State constitution. *See State v. Webb*, 183 Wn. App. 242, 246-47, 333 P.3d 470 (2014). Similarly, exercising peremptory challenges at sidebar does not constitute a closure of the courtroom. *E.g., State v. Dunn*, 180 Wn. App. 570, 574, 321 P.3d 1283 (2014), *review denied*, 181 Wn.2d 1030 (2015); *State v. Love*, 176 Wn. App. 911, 914 n.1, 309 P.3d 1209 (2013), *review granted*, 181 Wn.2d 1029 (2015).

The Washington Supreme Court recently affirmed *Love* (No. 89619-4, July 16, 2015). There the court concluded that exercising peremptory challenges on paper does not constitute a closure of the courtroom. Accordingly, there was no violation of Mr. Beltran's public trial rights by the exercise of peremptory challenges on paper.

*Obstructing Conviction*

Mr. Beltran's remaining arguments all involve his construction of the prosecutor's closing argument with respect to the obstructing charge. He contends that the prosecutor limited the charge to Mr. Beltran's refusal to answer the door and that by doing so he committed misconduct by misstating the law. He further contends that, as limited, the evidence was insufficient to support the conviction and that, in the event that we find the argument waived, his counsel erred in failing to object to the prosecutor's closing argument.

Since we disagree with his construction of the prosecutor's closing argument, we necessarily reject Mr. Beltran's misconduct and evidentiary sufficiency challenges. Alternatively, we also conclude that his counsel did not render ineffective assistance of counsel in failing to object to the prosecutor's argument in light of the strategic decision to concede liability on the obstructing and resisting charges. Since these arguments implicate several well settled areas of law, we begin by noting the governing legal standards that control our review.

It is improper for a prosecutor to misstate the law in closing argument. The defense bears the burden of establishing the impropriety of the prosecuting attorney's comments as well as their prejudicial effect. *State v. Hoffman*, 116 Wn.2d 51, 93, 804 P.2d 577 (1991). In determining whether prosecutorial comments have denied the defendant a fair trial, a reviewing court must decide whether the comments are improper and, if so, whether there is a substantial likelihood that the comments affected the verdict.

5

*State v. Reed*, 102 Wn.2d 140, 145, 684 P.2d 699 (1984). "Allegedly improper arguments should be reviewed in the context of the total argument, the issues in the case, the evidence addressed in the argument, and the instructions given." *State v. Graham*, 59 Wn. App. 418, 428, 798 P.2d 314 (1990). A failure to object to an improper remark constitutes a waiver unless the comment is flagrant and ill-intentioned and the resulting prejudice so enduring that jury admonitions could not neutralize its effect. *State v. Charlton*, 90 Wn.2d 657, 661, 585 P.2d 142 (1978).

The Sixth Amendment guaranty of counsel requires that an attorney perform to the standards of the profession. Counsel's failure to live up to those standards will require a new trial when the client has been prejudiced by counsel's failure. *State v. McFarland*, 127 Wn.2d 322, 334-335, 899 P.2d 1251 (1995). In evaluating ineffectiveness claims, courts must be highly deferential to counsel's decisions. A strategic or tactical decision is not a basis for finding error. *Strickland v. Washington*, 466 U.S. 668, 689-691, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). Under *Strickland*, courts apply a two-prong test: whether or not (1) counsel's performance failed to meet a standard of reasonableness and (2) actual prejudice resulted from counsel's failures. *Id.* at 690-692. When a claim can be disposed of on one ground, a reviewing court need not consider both *Strickland* prongs. *State v. Foster*, 140 Wn. App. 266, 273, 166 P.3d 726, *review denied*, 162 Wn.2d 1007 (2007).

Finally, a sufficiency of the evidence challenge presents the question of whether there was evidence produced to support the determination that each element of the crime

6

was proved beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct.

2781, 61 L. Ed. 2d 560 (1979); *State v. Green*, 94 Wn.2d 216, 221-222, 616 P.2d 628

(1980). The reviewing court will consider the evidence in a light most favorable to the

prosecution. *Green*, 94 Wn.2d at 221-222.

The crime of obstructing a public servant is committed when a defendant

"willfully hinders, delays, or obstructs any law enforcement officer in the discharge of his

or her official powers or duties." RCW 9A.76.020(1).

As previously noted, we disagree with the fundamental premise of Mr. Beltran's

construction of the prosecutor's closing argument. The prosecutor did not simply limit

the evidence of the obstructing charge to Mr. Beltran's refusal to answer the door. He

began his discussion of this issue by noting that the crime occurred "throughout" the

encounter, even while stating that it began when the officers knocked on the door.[1] RP at

497-498. The jury was not asked to consider only limited behavior and, thus, there was

no conceivable misconduct.[2] We also do not need to discuss whether a refusal to respond

---

[1] The prosecutor may have misspoken when he said the officers asked Mr. Beltran to come out at the time they knocked. The only officers who testified concerning the occupants being told to leave the house indicated that occurred after the window was broken and the threat to shoot the officers was conveyed.

[2] We doubt that a prosecutor will ever commit misconduct by asking the jury to limit its consideration of the evidence to only certain aspects of the State's case. If a prosecutor foolishly limits the jury's consideration to insufficient facts, a reviewing court may well dismiss the conviction due to insufficient evidence, but that would still not amount to misconduct by the prosecutor.

to a knock on the door constitutes obstructing a public servant since that is not the

situation here.[3] Our review of the total evidence convinces us that it allowed the jury to

conclude that Mr. Beltran willfully hindered the officers in the performance of their

duties and, thus, supported the jury's verdict. The action in attempting to return inside

the house, despite efforts being made by the officers to secure the scene and arrest Mr.

Beltran, amply allowed the jury to find obstructing. Indeed, his flight back into the house

prolonged this ordeal several minutes and led to a fight inside the dwelling with several

officers.[4] The evidence was sufficient.

Finally, even if the closing argument could be interpreted as Mr. Beltran argues,

his failure to challenge the argument waives the issue. As noted previously, an

unchallenged argument is only error if it was so ill-intentioned that it was beyond cure by

the trial judge following a timely objection. This was not one of those rare occasions. If

the prosecutor's statement was subject to misinterpretation, it could easily have been

---

[3] We note that a panel of Division Two of this Court, over a strong dissent by the late Judge Christine Quinn-Brintnall, previously upheld an obstructing conviction for failure to open a door in response to a police request. *State v. Steen*, 164 Wn. App. 789, 265 P.3d 901 (2011), *review denied*, 173 Wn.2d 1024 (2012). We need not decide whether we agree with the *Steen* majority or the dissent.

[4] Since the jury acquitted Mr. Beltran of the only crime alleged to have been committed after officers pursued him into the house, the validity of that pursuit has not been argued by the parties and is not before us.

clarified if defense counsel had objected. That did not happen here. Hence, the claim of prosecutorial misconduct is waived. *Charlton*, 90 Wn.2d at 661.

Anticipating this possibility, Mr. Beltran alternatively argues that his counsel failed to adequately represent him by not objecting. We disagree. First, Mr. Beltran could not conceivably show prejudice under *Strickland* since the defense admitted that Mr. Beltran was guilty of obstructing. Second, the defense has strong tactical reasons not to object to any argument concerning the obstructing count since the defense strategy was to concede the two misdemeanors committed in the home—where the evidence was quite strong—in favor of arguing for acquittal of the three felony counts and the two driving charges. Counsel simply did not render deficient performance.

For the noted reasons, the challenges to the obstructing a public servant conviction all fail. The judgment is affirmed.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

Korsmo, J.

WE CONCUR:

Brown, A.C.J.

Lawrence-Berrey, J.

9