FILED
COURT OF APPEALS
DIVISION II

2015 FEB 10 AM 8: 58

STATE OF WASHINGTON

BY_____
DEPUTY

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 45229-4-II |
| Respondent, | |
| v. | |
| RENEE M. REYNOLDS, | UNPUBLISHED OPINION |
| Appellant. | |

MAXA, J. — Renee Reynolds appeals her two convictions of unlawful possession of a controlled substance. She argues that the trial court violated her public trial right and right to be present at all critical stages of the proceedings by announcing for cause dismissals of prospective jurors and allowing the parties to exercise peremptory challenges of prospective jurors at a sidebar conference. In a statement of additional grounds (SAG), Reynolds claims that governmental misconduct tainted her conviction. We affirm.

## FACTS

On July 19, 2012, Department of Corrections Officer Reese Campbell received a telephone call explaining that Reynolds, who was noncompliant with her community placement conditions, was at a particular Vancouver home. There was an existing arrest warrant for Reynolds so Campbell, accompanied by two Vancouver police officers, went to the residence and was allowed into the home. Campbell discovered that Reynolds was in an upstairs

bathroom. Campbell knocked three times, heard the toilet flush, and arrested Reynolds after she opened the door. The police officers found drug paraphernalia in the toilet and trash can.

Suspecting that Reynolds had just used or disposed of drugs, a community placement violation, Campbell exercised his right to search Reynolds's car. He and another officer recovered heroin and methamphetamine during the search.

The State charged Reynolds with two counts of unlawful possession of a controlled substance based on the discovery of heroin and methamphetamine in her car. During jury selection, the trial court asked the venire if anyone had any undue problems with serving. Juror 21 responded that he represented Cowlitz PUD and had to attend a public multiparty rate hearing the next day. The trial court responded that it would discuss it later. Juror 22 also had a conflict, stating that he had a personal meeting the next day that he could not change.

Near the end of the attorneys' questioning of jurors the trial court conducted a sidebar conference to discuss challenges for cause. The sidebar lasted approximately three minutes. The clerk's minutes state that at this conference the trial court dismissed prospective jurors 21 and 22 "for cause." Clerk's Papers at 63. The record does not reflect whether one of the parties challenged these jurors for cause at the sidebar conference, or whether the trial court merely announced that it was dismissing them. The attorneys also passed an electronic clipboard between them to exercise peremptory challenges without orally exercising their challenges. During this process, a sidebar conference was held off the record. The trial court then seated the jurors and chose an alternative from those remaining in the jury pool.

The jury found Reynolds guilty of both charged offenses. Reynolds appeals.

2

## ANALYSIS

### A.  PUBLIC TRIAL RIGHT

Reynolds claims that the trial court violated her public trial right by having the attorneys exercise their peremptory challenges by checking them off an electronic clipboard and by dismissing two potential jurors for cause during a sidebar conference. We disagree.

#### 1.  Legal Principles

We recently explained the legal principles involved in a public trial right challenge:

> The Sixth Amendment to the United States Constitution and article I, section 22 of the Washington State Constitution guarantee a defendant the right to a public trial. *State v. Wise*, 176 Wn.2d 1, 9, 288 P.3d 1113 (2012). In general, this right requires that certain proceedings be held in open court unless application of the five-factor test set forth in *State v. Bone-Club*, 128 Wn.2d 254, 258-59, 906 P.2d 325 (1995), supports closure of the courtroom. Whether a courtroom closure violated a defendant's right to a public trial is a question of law we review de novo. *Wise*, 176 Wn.2d at 9.
>
> The threshold determination when addressing an alleged violation of the public trial right is whether the proceeding at issue even implicates the right. *State v. Sublett*, 176 Wn.2d 58, 71, 292 P.3d 715 (2012). "[N]ot every interaction between the court, counsel, and defendants will implicate the right to a public trial or constitute a closure if closed to the public." *Sublett*, 176 Wn.2d at 71. To make this determination, our Supreme Court in *Sublett* adopted an "experience and logic" test. 176 Wn.2d at 73.
>
> To address whether there was a court closure implicating the public trial right, we employ a two-step process. *State v. Wilson*, 174 Wn. App. 328, 335-37, 298 P.3d 148 (2013). First, we consider whether the particular proceeding at issue "falls within a category of proceedings that our Supreme Court has already acknowledged implicates a defendant's public trial right." *Wilson*, 174 Wn. App. at 337; *see also Wise*, 176 Wn.2d at 11. Second, if the proceeding at issue does not fall within a specific protected category, we determine whether the proceeding implicates the public trial right using the *Sublett* experience and logic test. *Wilson*, 174 Wn. App. at 335.

*State v. Marks*, No. ___ Wn. App. ___, 339 P.3d 196, 198 (2014) (footnotes omitted).

2. Peremptory Juror Challenges

Reynolds argues that the trial court violated her right to a public trial by allowing peremptory juror challenges to be made at a sidebar conference. We held in *State v. Dunn*, 180 Wn. App. 570, 321 P.3d 1283 (2014), *review denied*, 340 P.3d 228 (2015), and again in *Marks*, 339 P.3d at 198, that exercising peremptory challenges does not implicate the public trial right. Accordingly, we hold that the trial court did not violate Reynolds's public trial right by allowing counsel to make peremptory challenges at a sidebar conference.

3. Juror Dismissals "For Cause"

Reynolds argues that the trial court violated her public trial right by allowing counsel to make juror challenges for cause at a sidebar conference. However, Reynolds has not provided a sufficient record for us to determine what happened at the sidebar conference. Reynolds's inability to show that either party actually challenged jurors 21 and 22 for cause at sidebar precludes us from finding a public trial right violation.

Division Three of this court in *State v. Love* held that the exercise of for cause juror challenges during a sidebar conference did not violate the defendant's public trial right. 176 Wn. App. 911, 919, 309 P.3d 1209 (2013), *review granted in part*, 340 P.3d 228 (2015). However, this division has not yet addressed whether juror challenges for cause implicate the public trial right. In this case, we need not decide whether a party's challenges for cause or argument on those challenges implicates the public trial right.

Here, the record does not show that the State or Reynolds actually challenged jurors 21 and 22 for cause at the sidebar conference. A party's challenge is not the only way a juror can be dismissed for cause. Under RCW 2.36.110, the trial court has a duty to excuse any juror who, in

the opinion of the judge, is unfit to serve as a juror for one of several reasons, including "conduct or practices incompatible with proper and efficient jury service." Here, the trial court may have decided during voir dire questioning of jurors 21 and 22 – which was done in open court – that they should be dismissed under RCW 2.36.110, and then merely announced that decision to counsel at the sidebar conference.

Further, RCW 2.36.100(1) allows a trial court to dismiss a juror for "undue hardship, extreme inconvenience, public necessity, or any reason deemed sufficient by the court." Although the clerk's minutes state that the dismissals were for cause, the questioning of jurors 21 and 22 showed only that they had unresolvable scheduling conflicts. As a result, the trial court may have decided to dismiss them under RCW 2.36.100(1).

The question therefore becomes whether a trial court's *announcement* to counsel of its decision dismissing jurors under RCW 2.36.100(1) or RCW 2.36.110 implicates the public trial right. Our Supreme Court has not held that the trial court's juror dismissals must be announced in open court. Therefore, we must apply the experience and logic test to determine if the public trial right applies. *Sublett*, 176 Wn.2d at 73.

The experience and logic test does not suggest that the trial court's announcement of sua sponte juror dismissals implicates the public trial right. Regarding the experience prong, the dismissals of jurors 21 and 22 here were "announced" in writing on a document that was filed in the public record. We are aware of no authority indicating that this procedure is improper, or that a trial court's act of announcing juror dismissals historically has been open to the public. Regarding the logic prong, the public would not play a significant positive role in the functioning

of the trial court's *announcement* of juror dismissals. Therefore, we hold that a trial court's announcement that it is dismissing jurors does not implicate the public trial right.

If one or both of the parties had made juror challenges for cause at the sidebar conference and the parties argued those challenges, the public trial right may have been implicated. On the other hand, if the trial court here merely announced at the sidebar conference that it was dismissing jurors 21 and 22, the trial court did not violate Reynolds's public trial right. The problem here is that the record does not disclose what happened at the sidebar conference with regard to the two jurors who were dismissed for cause.

Our Supreme Court in *State v. Koss* held that the defendant bears the responsibility to provide a record showing that a court closure has occurred. 181 Wn.2d 493, 501-04, 334 P.3d 1042 (2014). Similarly, the plurality opinion in *State v. Slert* held that the defendant has the burden of providing an adequate record to establish a violation of the public trial right, and in the absence of an adequate record a court will not infer that the trial court violated the constitution. 181 Wn.2d 598, 607, 334 P.3d 1088 (2014).

Here, Reynolds has not provided us with a sufficient record to determine whether what happened at the sidebar conference would implicate the public trial right. As a result, we will not assume that the trial court violated that right. We reject Reynolds's argument that the trial court violated her public trial right with regard to for cause juror challenges.

B.      RIGHT TO BE PRESENT

Reynolds argues that the trial court violated her constitutional right to be present at all critical stages of the proceeding when it allowed counsel to make peremptory juror challenges and dismissed jurors 21 and 22 at sidebar conferences. We disagree.

Under the Sixth and Fourteenth Amendments to the United States Constitution and article I, section 22 of the Washington Constitution, a criminal defendant has a fundamental right to be present at all "critical stages" of trial. *State v. Irby*, 170 Wn.2d 874, 880, 246 P.3d 796 (2011). Our Supreme Court has recognized that jury selection is a critical stage of trial to which the right to be present attaches. *Id.* at 883-84. We assume without deciding that the right to be present attached, but hold that the right was not violated.

Here, Reynolds was present in the courtroom during all of voir dire, and therefore had the opportunity to hear all questioning that formed the basis for any future juror challenges. Further, Reynolds was present in the courtroom and witnessed counsel conduct the jury selection process. There is no evidence that she did not have the opportunity to exercise her right to consult with her counsel or otherwise be involved in counsel's use of peremptory or for cause challenges. The sidebar conference did not deprive Reynolds of the " 'power . . . to give advice or suggestion or even to supersede' " her counsel. *Irby*, 170 Wn.2d at 883 (quoting *Snyder v. Commw. of Mass.*, 291 U.S. 97, 106, 54 S. Ct. 330, 78 L. Ed. 674 (1934)).

We hold that the trial court did not violate Reynolds's right to be present during jury selection proceedings.

C.      SAG ARGUMENTS

Reynolds claims that she was denied a fair trial because Officer Campbell lied about whether he had written a report about her arrest and lied about finding baggies in the toilet. She also claims that Officer Ronald Stevens lied when he said he took the evidence to the evidence room. But Reynolds's assertions involve matters outside the record and therefore cannot be properly addressed on appeal. *State v. McFarland*, 127 Wn.2d 322, 335, 338 n.5, 899 P.2d 1251

45229-4-II

(1995) (stating that matters outside record must be raised in a personal restraint petition). Therefore, we do not consider them.

We affirm.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_MAXA, J._

We concur:

_JOHANSON, C.J._

_LEE, J._

8