# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON | No. 46781-0-II |
| Respondent, | |
| v. | |
| JEREMY BRINSON, | UNPUBLISHED OPINION |
| Appellant. | |

SUTTON, J. — Jeremy Brinson appeals his conviction and sentence for second degree assault (domestic violence). Brinson argues that the trial court violated his right to a public trial by conducting peremptory challenges at sidebar and improperly imposed discretionary legal financial obligations (LFOs).

We hold that, under our Supreme Court's recent ruling in *State v. Love*, the trial court did not violate Brinson's public trial rights when it heard peremptory challenges at sidebar in an open courtroom. Under our holding in *State v. Lyle*, we decline to review Brinson's discretionary LFOs under RAP 2.5(a). Accordingly, we affirm.

## FACTS

The State charged Brinson with second degree assault of his girlfriend, Amber McBride, and alleged the assault was a domestic violence crime. Clerk's Papers (CP) at 1.

During jury selection, the parties exercised peremptory challenges at sidebar without objection; the courtroom was open during the peremptory challenges. The jury found Brinson guilty. The trial court sentenced him to 8 months in custody plus 12 months of community custody. It imposed discretionary legal financial obligations of $250 for the jury demand fee and $150 for

the incarceration fee as part of the sentence, without objection by Brinson.[1]  Brinson appeals the judgment and sentence.

ANALYSIS

I.  PUBLIC TRIAL

Brinson first argues that the trial court violated his right to a public trial by conducting the peremptory challenges at a sidebar without analyzing the *Bone-Club*[2] factors before it did so.

We have held that the trial court does not violate the defendant's right to a public trial when peremptory challenges are made on paper or during a sidebar.  *State v. Marks*, 184 Wn. App. 782, 788, 339 P.3d 196 (2014); *State v. Webb*, 183 Wn. App. 242, 247, 333 P.3d 470 (2014), *review denied*, 182 Wn.2d 1005 (2015); *State v. Dunn*, 180 Wn. App. 570, 574, 321 P.3d 1283 (2014), *review denied*, 181 Wn.2d 1030 (2015).  Recently, in *State v. Love*, 183 Wn.2d 598, 607, 354 P.3d 841 (2015), our Supreme Court similarly held that "written peremptory challenges are consistent with the public trial right so long as they are filed in the public record."

Here, the trial court's voir dire procedure was similar to that conducted in *Love* where the trial court took preemptory challenges at a sidebar.  *Love*, 183 Wn.2d at 602-03.  The prosecutor and defense counsel documented the jury selection on a "STRUCK JUROR LIST"[3] during a sidebar conference noted in the Verbatim Report of Proceedings (VRP) as "Peremptory challenges

---

[1] At the sentencing hearing, Brinson stated that he ran a business.  He expressed concern that serving 8 months in custody would cause him to go "back to ground zero."  3 Verbatim Report of Proceedings at 728.  Brinson, however, acknowledges that he "did not object below." Br. of App. at 14.

[2] *State v. Bone-Club*, 128 Wn.2d 254, 906 P.2d 325 (1995).

[3] Suppl. Clerk's Papers at 22-23.

begin" and "Clerk hands Judge Haan the juror list," and the "STRUCK JUROR LIST" was filed with the court and is included in the public trial record. 1A VRP at 158. And Brinson admits that the courtroom was open during the preemptory challenges. Thus, the conducting of the peremptory challenges do not violate the public trial right. *See e.g. Love*, 183 Wn.2d at 602-03; *Marks*, 184 Wn. App. at 788; *Webb*, 183 Wn. App. at 247; *Dunn*, 180 Wn. App. at 574. Under *State v. Love*, we hold Brinson was not deprived of his right to public trial.

## II. LFOs

Brinson contends, for the first time on appeal, that the trial court erred when it imposed discretionary LFOs without making findings that he had the current or future ability to pay them. Consistent with our holding in *State v. Lyle*, we decline to reach the LFO issue under RAP 2.5(a) because Brinson failed to object to the LFOs at sentencing. *State v. Lyle*, 188 Wn. App. 848, 852, 355 P.3d 327 (2015).

Generally, this court declines to review issues raised for the first time on appeal. RAP 2.5(a). Our Supreme Court in *Blazina* noted that an appellate court may exercise its discretion to reach unpreserved claims of error. *State v. Blazina*, 182 Wn.2d 827, 832-33, 344 P.3d 680 (2015). Failure to challenge discretionary LFOs at sentencing waives a challenge on appeal. *Lyle*, 188 Wn. App. at 852; *State v. Blazina*, 174 Wn. App. 906, 911, 301 P.3d 492 (2013). Brinson had the benefit of our 2013 *Blazina* decision prior to his sentencing on October 6, 2014. Under our decision in *Lyle*, Brinson's failure to object to the imposition of the discretionary LFOs waived his challenge to them on appeal. *Lyle*, 188 Wn.2d at 852; RAP 2.5(a). Therefore, we decline to reach Brinson's waived LFO challenge.

CONCLUSION

We hold that, under our Supreme Court's recent ruling in *State v. Love*, the trial court did not violate Brinson's public trial rights when it heard peremptory challenges at a sidebar. Under our holding in *State v. Lyle*, we decline to review Brinson's challenged discretionary LFOs under RAP 2.5(a). Accordingly, we affirm.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

SUTTON, J.

We concur:

WORSWICK, P.J.

MELNICK, J.