**IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON**

**DIVISION II**

| | |
|---|---|
| STATE OF WASHINGTON, | No. 47097-7-II |
| Respondent, | |
| v. | |
| MIGUEL ANGEL ARGUETA, | UNPUBLISHED OPINION |
| Appellant. | |

LEE, J. — Miguel Argueta appeals the sentencing court's imposition of legal financial obligations (LFOs) against him without having made a determination of his current or likely future ability to pay them. Declining to consider his challenge to the LFOs made for the first time on appeal, we affirm.

At sentencing, the State recommended the following mandatory LFOs: a $500 victim assessment, $200 in court costs and a $100 DNA collection fee. It also recommended the following discretionary LFOs: $500 for Argueta's court-appointed attorney and a $200 laboratory fee. Argueta did not object to the State's recommendations or argue that he was unable to pay the LFOs.

Argueta's judgment and sentence contains the following preprinted finding:

> The court has considered the total amount owing, the defendant's past, present and future ability to pay legal financial obligations, including the defendant's financial resources and the likelihood that the defendant's status will change. The court finds that the defendant has the ability or likely future ability to pay the legal financial obligations imposed herein. RCW 9.94A.753.

Clerk's Papers at 28. On December 11, 2014, the sentencing court imposed the LFOs recommended by the State.[1]

Argueta argues for the first time on appeal that the sentencing court erred in imposing the LFOs without having made any inquiry into his current or likely future ability to pay them. On March 12, 2015, the Washington State Supreme Court decided *State v. Blazina*, 182 Wn.2d 827, 839, 344 P.3d 680 (2015) (*Blazina* II), and held that before imposing discretionary LFOs, the trial court must make an individualized inquiry into the defendant's current and likely future ability to pay those LFOs. *Blazina* II also rejected prior holdings that a challenge to LFO's was not ripe until the State sought to collect the LFO's. 182 Wn.2d at 833 n.1.

But in *State v. Lyle*, 188 Wn. App. 848, 355 P.3d 327 (2015), we held that for LFO's imposed after May 21, 2013, when we decided *State v. Blazina*, 174 Wn. App. 906, 301 P.3d 492 (2013), *remanded*, 182 Wn.2d 827 (2015), we will not consider challenges to LFO's under *Blazina* II unless the defendant challenged the LFOs in the sentencing court. 188 Wn. App. at 852. Because he did not challenge the LFOs at sentencing, we decline to consider Argueta's challenges to his LFO's made for the first time on appeal. We affirm the imposition of the LFOs.

---

[1] The sentencing court also ordered restitution, but the record before this court is silent as to whether an order of restitution was entered.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
LEE, J.

We concur:

_____
WORSWICK, P.J.

_____
MELNICK, J.