# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION  II

| | |
|---|---|
| STATE OF WASHINGTON, | No.  46907-3-II |
| Respondent, | |
| v. | |
| MARK DOUGLAS WILMER, | UNPUBLISHED OPINION |
| Appellant. | |

WORSWICK, P.J. — Mark Wilmer appeals the sentence imposed following his conviction for second degree assault—domestic violence, arguing that the trial court erred in imposing legal financial obligations (LFOs) against him without having made a determination of his current or likely future ability to pay them.  He also argues that his trial counsel provided ineffective assistance by not challenging the imposition of the LFOs at sentencing.  Declining to consider his challenge to the LFOs made for the first time on appeal and concluding that he does not demonstrate ineffective assistance of counsel, we affirm.

At sentencing, the State recommended the following mandatory LFOs: a $500 victim assessment, $200 court costs, and a $100 DNA (deoxyribonucleic acid) collection fee.  It also recommended the following discretionary LFOs: $1,500 for Wilmer's court appointed attorney.  Wilmer did not object to the State's recommendations or argue that he was unable to pay the LFOs.

Wilmer's judgment and sentence contains the following preprinted finding:

> The court has considered the total amount owing, the defendant's past, present and future ability to pay legal financial obligations, including the defendant's financial resources and the likelihood that the defendant's status will change. The court finds that the defendant has the ability or likely future ability to pay the legal financial obligations imposed herein. RCW 9.94A.753.

Clerk's Papers at 72. On November 14, 2014, the trial court imposed the LFOs recommended by the State.[1]

Wilmer argues for the first time on appeal that the trial court erred in imposing the LFOs without having made any inquiry into his current or likely future ability to pay them. On March 12, 2015, the Washington State Supreme Court decided *State v. Blazina*, 182 Wn.2d 827, 839, 344 P.3d 680 (2015) (*Blazina* II), and held that before imposing discretionary LFOs, the trial court must make an individualized inquiry into the defendant's current and likely future ability to pay those LFOs. *Blazina* II also rejected prior holdings that a challenge to LFOs was not ripe until the State sought to collect the LFOs. 182 Wn.2d at 833 n.1.

But in *State v. Lyle*, 188 Wn. App. 848, 852, 355 P.3d 327 (2015), we held that for LFOs imposed after May 21, 2013, when we decided *State v. Blazina*, 174 Wn. App. 906, 301 P.3d 492 (2013), *remanded by Blazina* II, we will not consider challenges to LFOs under *Blazina* II unless the defendant challenged the LFOs in the trial court. Because he did not challenge the LFOs at sentencing, we decline to consider Wilmer's challenge to his LFOs made for the first time on appeal.

---

[1] The trial court also ordered restitution, but the record before this court is silent as to whether an order of restitution was entered.

Wilmer also argues that by not challenging the imposition of LFOs at sentencing, his trial counsel provided ineffective assistance. To establish ineffective assistance of counsel, he must demonstrate that his counsel's performance fell below an objective standard of reasonableness and that as a result of that deficient performance, the result of his case probably would have been different. *State v. McFarland*, 127 Wn.2d 322, 334-35, 899 P.2d 1251 (1995); *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). This court presumes strongly that trial counsel's performance was reasonable. *State v. Grier*, 171 Wn.2d 17, 42, 246 P.3d 1260 (2011), *cert. denied*, 135 S. Ct. 153 (2014). Wilmer's counsel's failure to challenge the imposition of LFOs at sentencing appears to constitute deficient performance. *Lyle*, 188 Wn. App. at 853. But Wilmer must still show a reasonable probability of a different result had his counsel challenged the imposition of the LFOs. *McFarland*, 127 Wn.2d at 337; *Lyle*, 188 Wn. App. at 853-54.

In his declaration for appointment of appellate counsel, Wilmer declared that he did not own any property or cash and that he had been receiving $720 per month in social security. But at the time of the assault, he was cleaning his deceased father-in-law's house in preparation for selling it, indicating that he would receive some of the proceeds of that sale. And nothing in the record suggests that he suffered from any physical limitations on his ability to become employed. Wilmer fails to show a reasonable probability that the trial court would not have imposed the discretionary LFO had his trial counsel objected to it, and so fails to show prejudice resulting from his trial counsel's deficient performance.

We affirm the imposition of Wilmer's LFOs.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_Worswick, P.J._

Worswick, P.J.

We concur:

_Melnick, J._

Melnick, J.

_Sutton, J._

Sutton, J.