# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 47075-6-II |
| Respondent, | |
| v. | |
| TRAVIS W. THOMPSON, | UNPUBLISHED OPINION |
| Appellant. | |

MELNICK, J.—Travis Thompson appeals his sentences for felony violation of a no-contact order and residential burglary (domestic violence), arguing that the trial court improperly imposed legal financial obligations (LFOs). Because Thompson failed to preserve his LFO challenge, we affirm.

## FACTS

The State charged Thompson with felony violation of a no-contact order and residential burglary. It further alleged that these were domestic violence crimes. After a jury trial, Thompson was convicted of violation of a no-contact order and the trial court declared a mistrial on the residential burglary charge. Thompson later pled guilty to residential burglary as a domestic violence offense.

On December 30, 2014, the trial court held a sentencing hearing. The State requested LFOs. The court imposed a $500 victim assessment; $950.08 in court costs; $1,125 in attorney fees; and, a $100 DNA collection fee. Thompson did not object.[1] The judgment and sentence contained language that provided, "The court has considered the total amount owing, the defendant's present and future ability to pay, . . . and the likelihood that the defendant's status will change." CP at 7.

## ANALYSIS

Thompson contends that the trial court erred by imposing LFOs without actually considering his ability to pay them. Thompson did not object to the LFOs at sentencing. His sentencing occurred after our decision in *State v. Blazina*, 174 Wn. App. 906, 301 P.3d 492 (2013), and before the Supreme Court's reversal of that decision in *State v. Blazina*, 182 Wn.2d 827, 344 P.3d 680 (2015).

In *State v. Lyle*, 188 Wn. App. 848, 355 P.3d 327 (2015), we held that parties who failed to challenge LFOs in sentencings after our 2013 decision in *Blazina* have waived those challenges. *See also* RAP 2.5(a). Thus, under *Lyle*, Thompson has waived his LFO challenge.

---

[1] His statement on plea of guilty for the residential burglary charge acknowledges that the State would recommend "standard costs & fees." CP at 23.

We affirm.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_Melnick, J._
Melnick, J.

We concur:

_Worswick, J._
Worswick, J.

_Sutton, J._
Sutton, J.