# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 47257-1-II |
| Respondent, | |
| v. | |
| ROBERT SMILEY, | UNPUBLISHED OPINION |
| Appellant. | |

Robert Smiley appeals the trial court's imposition of discretionary legal financial obligations (LFOs) without conducting an individualized inquiry into his present and future ability to pay. Based on *State v. Blazina*, 182 Wn.2d 827, 344 P.3d 680 (2015), we remand to the trial court to conduct a proper inquiry.

## FACTS

A jury convicted Smiley of assault in the second degree and malicious mischief in the third degree, and found that Smiley and the victim were members of the same family or household. The trial court sentenced Smiley and in so doing, imposed $800 in mandatory LFOs, a $100 domestic violence assessment fee, a $250 jury demand fee, a $150 incarceration fee, and $825 in court appointed attorney costs. Smiley did not object to the LFOs at sentencing.

Smiley appeals only the discretionary LFOs.

## ANALYSIS

Smiley argues that the trial court erred by imposing discretionary LFOs without conducting an individualized inquiry into his present and future ability to pay. We agree.

In *Blazina*, the Supreme Court affirmed the appellate court's discretion to decline review of unpreserved LFO claims. 182 Wn.2d at 832, 834-35. However, since its decision in *Blazina*, the court has consistently remanded cases to the trial court where it did not conduct an individualized inquiry. *See State v. Lyle*, 188 Wn. App. 848, 355 P.3d 327 (2015), *remanded*, 184 Wn.2d 1040 (2016); *State v. Marks*, 185 Wn.2d 143, 146, 368 P.3d 485 (2016); *see also State v. Cooley*, noted at 188 Wn. App. 1062, 2015 WL 4456208, *remanded*, 184 Wn.2d 1040 (2016); *State v. Scantling*, noted at 188 Wn. App. 1044 (2015), *remanded*, 184 Wn.2d 1040 (2016).

The State does not contest that no inquiry occurred, but instead relies on *Lyle*, 188 Wn. App. 848. As noted above, the Supreme Court remanded *Lyle* to the trial court solely on the LFO issue. *Lyle*, 184 Wn.2d 1040. We exercise our discretion and remand the case to the trial court to conduct a proper inquiry into Smiley's present and future ability to pay discretionary LFOs.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
Melnick, J.

We concur:

_____
Maxa, A.C.J.

_____
Worswick, J.