IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No. 33553-4-III |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| JOSEPH MARTIAL WONCH, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | |

KORSMO, J. — Joseph Wonch appeals from the resentencing required by his

successful personal restraint petition (PRP), primarily arguing that his counsel was

ineffective in failing to raise the question of his ability to pay discretionary legal financial

obligations (LFOs) at the resentencing. Since he has failed to establish that he was

prejudiced by the alleged failure of counsel, we affirm.

The relevant facts can be briefly stated. Mr. Wonch was convicted of two counts

of possession of a controlled substance (oxycodone and methamphetamine) and one

count of unlawful possession of a firearm in the second degree by guilty plea that

included an agreement by the parties to an exceptional sentence. He was sentenced in

2012 to 84 months in prison on the drug offenses and ordered to pay $2,300 in fines and

costs. The only discretionary cost imposed was $500 for attorney fees.

Despite the agreed upon exceptional sentence, Mr. Wonch appealed to this court, challenging the sentence and his LFOs. This court declined to consider the LFO challenge because it was not ripe for review and affirmed the exceptional sentence. Subsequently, Mr. Wonch successfully challenged the 84 month sentences on the drug counts because they exceeded the trial court's sentencing authority. Our Chief Judge ordered that Mr. Wonch be resentenced and directed that imprisonment on the the drug counts not exceed 60 months. The PRP ruling did not address LFOs.

At the resentencing, defense counsel and the prosecutor agreed that the only issue before the court was the sentence length and asked the court to reduce the 84 month terms to 60 month terms.[1] The prosecutor indicated that she had what was in effect an agreed order that carried over the same LFOs ordered in the original sentence. Defense counsel agreed that his client had completed his sentence and was done with everything except LFOs. Mr. Wonch told the judge that he had been accepted into the University of Washington and was looking forward to completing his education. The judge, who had known Mr. Wonch since he was age 6, described "Joe" as intelligent. The court then signed the agreed upon judgment and sentence.

---

[1] The prosecutor also reminded the judge that the defendant had been arrested for more than 50 felonies and the judge recalled that Mr. Wonch was facing a sentence like "forever" prior to the negotiated plea.

2

Nonetheless, Mr. Wonch once again appealed to this court. He originally asked that the court invalidate the LFOs for the failure of the 2012 sentencing to conduct a *Blazina*[2] inquiry and also argued that his counsel was ineffective for failing to raise the issue at the 2015 resentencing. In his reply brief, appellant agreed that he was only challenging his counsel's effectiveness at the 2015 proceeding. We agree that is the only issue before us since the 2012 judgment and sentence was superseded by the 2015 sentence.

Well settled standards govern the ineffective assistance issue. The Sixth Amendment guarantees the right to counsel, requiring that the attorney perform to the standards of the profession. Effectiveness of counsel is judged by the two prong standard of *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). That test is whether or not (1) counsel's performance failed to meet a standard of reasonableness, and (2) actual prejudice resulted from counsel's failures. *Id.* at 690-692. In evaluating ineffectiveness claims, courts must be highly deferential to counsel's decisions and there is a strong presumption that counsel performed adequately. A strategic or tactical decision is not a basis for finding error. *Id.* at 689-691. When a claim can be disposed of on one ground, a reviewing court need not consider both *Strickland* prongs. *Id.* at 697; *State v. Foster*, 140 Wn. App. 266, 273, 166 P.3d 726 (2007).

---

[2] *State v. Blazina*, 182 Wn.2d 827, 344 P.3d 680 (2015).

3

While we could debate whether or not counsel erred given the significant sentence reduction negotiated by the parties and comparative lesser importance of the $500 in discretionary LFOs at issue here, we need not address that prong of the *Strickland* standard because the claim falters on the second—Mr. Wonch has not shown that he was actually prejudiced by the failure to inquire. The primary problem is that on this record he cannot show that the outcome of the sentencing would have been different. *See State v. Lyle*, 188 Wn. App. 848, 853-854, 355 P.3d 327 (2015). His own ability to seek remission under RCW 10.01.160(4) is another reason that counsel's failure was not necessarily prejudicial. *Id.* at 854 n.2. The ability to raise the issue by motion ensures that the ability to challenge the discretionary LFOs was not lost by any failure of counsel.

The judgment is affirmed.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

Korsmo, J.

WE CONCUR:

Fearing, C.J., concurring in result only

Siddoway, J.

4